# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | CV F   06 759 AWI LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Docs. 2-1, 2-2, 8, 9.) |
| v. | |
| SCHWARZENEGGER, et. al., | |
| Defendants. | |

Brian Cruz  ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 15, 2006, naming Governor Schwarzenegger and numerous Correctional Officers and staff as Defendants. Plaintiff also submitted a Motion for Temporary Restraining Order on June 15, 2006.  Plaintiff is requesting that the Court Order Defendants to place him in the protective housing unit for his safety.  Plaintiff states that he agreed to cooperate with an investigation with the understanding that he be placed in the PHU by staff, however, this has not occurred.

On July 6, 2006, Plaintiff filed a Notice of Motion and Motion for Temporary Restraining Order and an Amended Memorandum of Points and Authorities to the Motion for Temporary Restraining Order and Preliminary Injunction.  Plaintiff seeks the same relief as in the previously

filed Motion, that he be transferred to Protective Housing.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

At this juncture, because the Court has not yet had the opportunity to screen the Complaint, it has not determined whether Plaintiff has stated any cognizable claims for relief. Until such time as this determination is made, any request for preliminary injunctive relief is premature. Plaintiff should note further that the Court has before it literally hundreds of cases, many of which require screening as well. The Court proceeds with processing the cases in the order that they are filed. Thus, Plaintiff should be patient and rest assured that the Court will get to his case in due course. At this time, however, Plaintiff is not entitled to any type of preliminary injunction, as the Court lacks jurisdiction to consider and issue such an order.

1    Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motions
2 for Temporary Restraining Order, filed June 15, 2006, and July 6, 2006, be DENIED.
3    These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5 **TWENTY (20) days** after being served with these Findings and Recommendations, Plaintiff
6 may file written objections with the court.  The document should be captioned "Objections to
7 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
8 objections within the specified time may waive the right to appeal the District Court's order.
9 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 IT IS SO ORDERED.
11 **Dated:   July 13, 2006**                          /s/ Lawrence J. O'Neill
   b9ed48                                  UNITED STATES MAGISTRATE JUDGE