UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CRUZ, | 1:06-cv-00759-AWI-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 12) |
| vs. | **ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER** (Docs. 2-1, 2-2, 8, 9) |
| SCHWARZENEGGER, et al., | |
| Defendants. | |

Brian Cruz ("Plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On July 13, 2006, the Magistrate Judge filed Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within twenty (20) days. On August 14, 2006, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

//

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge, the issuance of an injunction operates *in personam* and requires the same jurisdictional predicate as any other *in personam* action--a basis for exercising personal jurisdiction accompanied by adequate notice (service of a summons and a complaint). <u>Hitchman Coal & Coke Co. v. Mitchell</u>, 245 U.S. 229 (1917). A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. <u>Zepeda v. United States I.N.S.</u>, 753 F.2d 719 (9th Cir.1983). Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants <u>and</u> the named defendants have been served with the summons and complaint. In addition, a review of the docket in this action indicates that Plaintiff is not longer in custody at the prison he sought to be removed from by his motions. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 13, 2006, are ADOPTED IN FULL; and,

2

 2. Plaintiff's Motions for Temporary Restraining Order, filed June 15, 2006 and July 6, 2006, are DENIED.

IT IS SO ORDERED.

**Dated: October 17, 2006**          **/s/ Anthony W. Ishii**
0m8i78                                UNITED STATES DISTRICT JUDGE